IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

FILED
November 2, 2006

CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| ANTHONY JACKSON, | § |
| Plaintiff, | § |
| v. | § Civil Action No. 3:06-cv-1827-R |
| SOURCECORP INC., | § |
| Defendant. | § |

## MEMORANDUM OPINION AND ORDER

Before this Court are Defendant Sourcecorp, Inc.'s Motion to Dismiss (Dkt. No. 3), Plaintiff Anthony Jackson's Response to Defendant's Motion to Dismiss (Dkt. No. 6), and Sourcecorp Inc.'s Reply (Dkt. No. 7). For the reasons stated below, the Court **GRANTS** Defendant Sourcecorp Inc.'s Motion to Dismiss Jackson's federal law claims.

### I. BACKGROUND

*Pro se* Plaintiff Anthony Jackson filed suit in the 101st District Court of Dallas County, Texas, against his former employer Sourcecorp, Inc. He alleges that Sourcecorp violated Title VII of the Civil Rights Act of 1964 (Title VII), the Americans with Disabilities Act (ADA), the Age Discrimination in Employment Act (ADEA), and various state laws when it terminated his employment. Sourcecorp removed the case to federal court based upon Jackson's federal claims. Sourcecorp now moves to dismiss Jackson's claims pursuant to Rules 12(b)(1) and 12(b)(6). Because the Court finds a sufficient basis to dismiss Jackson's claims under Rule 12(b)(6), the Court will not address Sourcecorp's argument that Jackson's claims fail to satisfy the Court's subject

1

matter jurisdiction requirements.[1]

## II. ANALYSIS

### A. Rule 12(b)(6) Standard

When ruling on a Rule 12(b)(6) motion, the court must accept all well-pleaded facts as true and view them in the light most favorable to the non-movant. *See Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002); *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995). The complaint will only be dismissed if it appears beyond doubt that the claimant can prove no set of facts in support of his claim that would entitle him to relief. *See Campbell*, 43 F.3d at 975. The relevant question is not whether the claimant will prevail but whether he is entitled to offer evidence to support his claims. *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). In ruling on a Rule 12(b)(6) motion, "courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996). Because Jackson is proceeding *pro se*, the Court must construe the allegations in the complaint liberally. *Hughes v. Rowe,* 449 U.S. 5, 9 (1980) (per curiam). The Court has an obligation to construe *pro se* plaintiffs' briefs more permissively and to make more allowances, and *pro se* litigants are subject to less stringent standards than litigants who are represented by counsel. *Id.* This Court has given Jackson's complaint the indulgent reading required but finds, nevertheless, that Jackson has not stated a claim upon which the Court could grant relief.

---

[1] The Court prefers not to engage in the legal gymnastics required to grant Defendant's Motion to Dismiss for lack of subject matter jurisdiction when it was Defendant who removed the case to federal court, thereby invoking the Court's jurisdiction.

B.     **Jackson's Release of Claims Against Sourcecorp, Inc.**

Although Sourcecorp urges the Court to dismiss Jackson's claims based on his acceptance of $10,000 and his release of claims against Sourcecorp, the Court need not address this avenue of dismissal. The interpretation of settlement agreements is a matter of state contract law and is best left to the state courts of Texas. *See Gonzales v. Columbia Hosp.,* 207 F. Supp. 2d 570, 574 (N.D. Tex. 2002). Further, this Court need not delve into the meaning of the release and whether Jackson was competent or coerced when he signed it because Jackson has failed to state any federal claim upon which relief could be granted. Therefore, in the interest of judicial economy, the Court with skip straight to Jackson's federal law claims.

C.     **Jackson Failed to Exhaust Administrative Remedies Thus Precluding His Federal Law Claims.**

Jackson raises three federal claims against Sourcecorp: violations of Title VII (discrimination based on his national origin and creed), the ADA, and the ADEA. All of these statutory grounds for relief require that Jackson first exhaust his administrative remedies by filing an administrative charge with the EEOC. *Bettcher v. Brown Schools, Inc.,* 262 F.3d 492, 494 (5th Cir. 2002) (ADEA); *Pacheco v. Mineta,* 448 F.3d 783, 788 (5th Cir. 2006) (Title VII); *Dao v. Auchan Hypermarket,* 96F.3d 787, 789 (5th Cir. 1996). It is undisputed that Jackson failed to file an ADA, ADEA, or Title VII charge against Sourcecorp with the EEOC. Because he failed to perform this basic prerequisite for his federal employment action, the Court must dismiss his federal claims.

Accordingly, Jackson has not pleaded any set of facts that would entitle him to relief on his federal claims, and Defendant Sourcecorp's Motion to Dismiss is GRANTED.

D. **<u>The Court Remands Jackson's State Law Claims to the State District Court for Adjudication.</u>**

A court has discretion when deciding whether to exercise supplemental jurisdiction. "It has consistently been recognized that [supplemental] jurisdiction is a doctrine of discretion, not of plaintiff's right." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).  Even if state and federal claims develop from a common set of facts, the power of a federal court to hear both claims "need not be exercised in every case in which it is found to exist" *Id*.  "The decision to exercise supplemental jurisdiction or not should be viewed consistent with considerations of judicial economy, convenience and fairness to the litigants." *Passman v. Thames,* 2006 WL 1195627 *11 (S.D. Miss. 2006); *see  Laird v. Bd. of Trustees of Inst. of Higher Learning*, 721 F.2d 529 (5th Cir. 1983).  This Court declines to exercise supplemental jurisdiction over Jackson's remaining state law claims.  Therefore, Jackson's state law claims are REMANDED to the 101st Judicial District Court of Dallas County, Texas.

### III.  CONCLUSION

Because the Court's ruling dismisses under Rule 12(b)(6) all of Jackson's federal claims against Sourcecorp, the Court need not address Sourcecorp's Rule 12(b)(1).  For the foregoing reasons, the Court **GRANTS** Defendant Sourcecorp's Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim and dismisses all of Jackson's federal claims with prejudice. Jackson's state law claims are REMANDED to state court.

**IT IS SO ORDERED**

**ENTERED: November 2, 2006**

_____
**HON. JERRY BUCHMEYER
SENIOR UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS**